IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 4 2013

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. |
| | § | |
| JOHN KYUNG OH | § | 13CR 021 |

### INDICTMENT

The United States Grand Jury charges:

### COUNTS ONE THROUGH SEVEN
(Bank Fraud - 18 U.S.C. §§ 1344 and 2)

At all times material herein:

### A. INTRODUCTION

1. The Federal Deposit Insurance Corporation (FDIC) was an agency of the federal government which insured the deposits of member banks against loss up to $100,000 with the purpose of preventing their collapse and instilling public confidence in the nation's banking institutions.

2. Bank of America was a financial institution the deposits of which were insured by the FDIC.

3. JP Morgan Chase Bank was a financial institution the deposits of which were insured by the FDIC.

1

B.  **THE SCHEME TO DEFRAUD**

4. On or about the dates set forth in the counts below, in the Houston Division of the Southern District of Texas and elsewhere,

**JOHN KYUNG OH,**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Bank of America, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of Bank of America by means of material false and fraudulent pretenses, representations, and promises.

C.  **THE METHOD AND MEANS OF THE SCHEME TO DEFRAUD**

5. It was a part of the scheme and artifice to defraud that the defendant would and did obtain access to Bank of America account #xxxxxxxx2564, belonging to Ming Resource Corporation, whose president was an individual with the initial K.L. and who had signature authority on this account.

6. It was further a part of the scheme and artifice to defraud that the defendant would and did obtain a counterfeit California driver's license #xxxx7323, depicting the defendant but purporting to be K.L., to be used as a form of identification.

7. It was further a part of the scheme and artifice to defraud that the

defendant would and did obtain a counterfeit American Express card #xxxx xxxxxx 31013, embossed in the name of K.L., to be used as a form of identification.

8. It was further a part of the scheme and artifice to defraud that the defendant would make material misrepresentations to employees of Bank of America in order to obtain access to Bank of America account #xxxxxxxx2564. These material misrepresentations included the defendant misrepresenting himself to be K.L. to bank employees and by using false means of identification, such as the counterfeit California driver's license and counterfeit American Express card.

9. It was further a part of the scheme and artifice to defraud that the defendant would and did cause Bank of America to unlawfully withdraw money, transfer money, and issue cashier's checks, from Bank of America account #xxxxxxxx2564.

**D.    THE EXECUTION OF THE SCHEME TO DEFRAUD**

10. On or about the dates set forth in the counts below, in the Houston Division of the Southern District of Texas and elsewhere,

**JOHN KYUNG OH,**

defendant herein, executed and attempted to execute the aforesaid described scheme and artifice to defraud Bank of America, a federally insured financial institution, by means of material false and fraudulent pretenses, representations, and promises, as

3

further set below:

| COUNT | DATE | UNAUTHORIZED TRANSACTION |
|---|---|---|
| 1 | November 30, 2012 | Transfer of $185,000 from Bank of America account #xxxxxxxx2564 to JP Morgan Chase account #xxxxxxxx6441 |
| 2 | November 30, 2012 | Withdrawal of $50,000 from Bank of America account #xxxxxxxx2564 |
| 3 | December 1, 2012 | Attempted Transfer of approximately $235,800 from Bank of America account #xxxxxxxx2564 |
| 4 | December 1, 2012 | Attempted Issuance of approximately $235,800 Cashier's Check from Bank of America account #xxxxxxxx2564 to a person identified by the initials D.N. |
| 5 | December 3, 2012 | Transfer of $235,800 from Bank of America account #xxxxxxxx2564 to JP Morgan Chase account #xxxxx4135 |
| 6 | December 6, 2012 | Attempted transfer of approximately $190,000 from Bank of America account #xxxxxxxx2564 to JP Morgan Chase account #xxxxx1070 |
| 7 | December 6, 2012 | Attempted Withdrawal of approximately $30,000 from Bank of America account #xxxxxxxx2564 |

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT EIGHT
(Aggravated Identity Theft - 18 U.S.C. §§ 1028A and 2)

11. On or about December 6, 2012, in the Houston Division of the Southern District of Texas and elsewhere,

## JOHN KYUNG OH,

defendant herein, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person during and in relation to a violation of 18 U.S.C. § 1344 (Counts Six and Seven).

In violation of Title 18, United States Code, Sections 1028A and 2.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 982(a)(2)(A))

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), the United States gives notice to defendant

## JOHN KYUNG OH,

that upon conviction of a violation of Title 18, United States Code, Section 1344, all property, constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation, is subject to forfeiture. The property subject to forfeiture includes, but is not limited to, the following property:

About $470,800 in United States Dollars.

Defendant is notified that a money judgment may be imposed equal to the total value

of the property subject to forfeiture.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

Original Signature on File

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: *[signature]*
SHARAD S. KHANDELWAL
Assistant United States Attorney